IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JUMA SULEIMAN ALI, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:13-CV-84-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, *et al.*, | : | |
| | : | |
| Respondents. | : | |

_____

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' motion to dismiss for mootness, filed on August 2, 2013.[1] (ECF No. 18.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement. (Pet. for Writ of Habeas Corpus 4-5, ECF No. 1.) Along with their second motion to dismiss, Respondents filed a Warrant of Removal showing that Petitioner was removed on July 23, 2013. (Notice of Pet'r's Removal & Mot. to Dismiss Ex. A, ECF No. 18-1.) Because of Petitioner's removal, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Notice of Pet'r's Removal & Mot. to Dismiss 2-5.) The Court agrees and recommends dismissal of this case as moot.

---

[1] Respondents previously filed a motion to dismiss (ECF No. 15) claiming, *inter alia*, that Petitioner's ongoing detention is legal because Petitioner could not show that his removal was not likely to occur in the reasonably foreseeable future. The Court has not issued a ruling on Respondents' initial motion to dismiss. Because it is recommended that Respondents' second motion to dismiss be granted, it is recommended that Respondents' initial motion to dismiss be denied as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' second motion to dismiss (ECF No. 18) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs. It is further recommended that Respondents' initial motion to dismiss (ECF No. 15) be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 12th day of August, 2013.

S/Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE